UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER ELAM HUDLER, | : | No.: 1:21-cv-00005 |
| | : | |
| Petitioner, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| | : | |
| UNION COUNTY, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

March 15, 2021

On January 4, 2021, the petitioner, Christopher Elam Hudler ("Hudler"), filed a petition for a writ of habeas corpus and an emergency application for a stay (as we learned later, this stay was in regard to an extradition warrant) or bail. *Docs. 1, 4*. Hudler's petition was sparse, and his emergency application referenced exhibits which he failed to attach, so we ordered Hudler to provide us with various documents, which he did. *Docs. 5, 7, 7-1, 7-2*. On January 7, 2021, we ordered Hudler's petition and emergency application served on the respondents. *Doc. 9*. We twice ordered the parties to file further briefing (*docs. 15, 20*), and the parties filed their briefs along with more documents (*docs. 17, 22, 24, 26*). In the interim, on January 25, 2021, Hudler notified us via letter that he was taken into custody and extradited to Pennsylvania. *Doc. 18*. We ordered Hudler's emergency

application regarding a stay denied as moot that same day. *Doc. 19*. We, therefore, have before us the remaining portion of Hudler's emergency application, which requests that we grant him bail pending the resolution of his petition for a writ of habeas corpus. *Doc. 4*. For the reasons that follow, we will deny Hudler's emergency application for bail.

    A district court has the authority "to grant bail to a state prisoner prior to ruling on the prisoner's petition for habeas corpus." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (citing *In re Shuttlesworth*, 369 U.S. 35, 82 (1962) (directing that after petitioner seeks bail from state court, district court should "proceed to hear and determine the cause, including any application for bail pending that court's final disposition of the matter"); *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) ("In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus.")); *see also Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986) (acknowledging the district court's authority to grant such bail in the § 2254 context). But "'[b]ail is an exceptional form of relief in a habeas corpus proceeding' and the standard for granting bail in such proceedings is strict." *Ingram v. Sauers*, No. 1:12-cv-1900, 2014 WL 12704694, at *1 (M.D. Pa. July 1, 2014) (citing *Lucas*, 790 F.2d at 367)); *see also Kennedy v. Mason*, 2021 WL

106378, at *1 (E.D. Pa. Jan. 11, 2021) ("Petitioners seeking bail pending habeas review . . . carry a 'high burden' [and b]ecause the standard for release is deliberately stringent, 'very few cases have presented extraordinary circumstances.'") (quoting *Singleton v. Piazza*, No. 05-CV-6685, 2006 WL 2520581, at *2 (E.D. Pa. Aug. 25, 2006)). Indeed, "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exception circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Landano*, 970 F.2d at 1239 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *see also Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (applying same standard). In other words, the district court's authority to grant state bail "should be exercised . . . only when a petitioner has presented a substantial meritorious constitutional claim *and* exceptional circumstances render the exercise of that authority necessary effectively to preserve the habeas remedy." *Scheinert v. Henderson*, 800 F. Supp. 263, 265 (E.D. Pa. 1992) (emphasis in original) (citing *Landano*, 970 F.2d at 1239); *see also Singleton*, 2006 WL 2520581, at *2-3 (requiring each prong); *Kennedy*, 2021 WL 106378, at *2 n.4 (same).

Extraordinary circumstances "seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano*, 970 F.2d

at 1239 (citing *Johnston v. Marsh*, 227 F.2d 528 (3d Cir. 1955) (poor health); *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968) ("[I]llustrat[ing] the situation where bail has been awarded because the [120-day] sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence.")). And "[s]uch a circumstance is present where the length or duration of a sentence is so short that it likely will have been served before a resolution of the habeas petition." *Scheinert*, 800 F. Supp. at 265 (citing *Landano*, 970 F.2d at 1239-40). "It follows that a District Court may stay execution of a sentence about to be served which is so short that to do otherwise could effectively impair the court's jurisdiction and nullify the habeas remedy for a petitioner *with a substantial meritorious claim*." *Id.* (emphasis added). Thus, it is clear to us that Hudler must establish both a substantial constitutional claim upon which he has a high likelihood of success and extraordinary circumstances for us to grant him bail.

    Here, Hudler's first claim in his petition for writ of habeas corpus is that the Pennsylvania court lacked jurisdiction over him as a resident of Oregon. *Doc. 1* at 5. Hudler's second claim is that he was denied the effective assistance of counsel and the right of appeal because he "requested that counsel file a notice of appeal [but c]ounsel either refused or failed to do so [because h]e was arrested . . . and

4

incarcerated before the time to file a notice of appeal expired."[1] *Id.* at 7. Hudler also purports to amend his petition through his latest memorandum in order to include a third claim of actual innocence.[2] *Doc. 17* at 12-13. Nowhere does Hudler present us with a developed factual record to support his petition; instead, what we can divine is distributed throughout Hudler's memoranda in support of his emergency application. *See docs. 1, 4, 7, 17*.

We conclude, without deciding Hudler's underlying petition, that the facts before us are insufficient to establish that Hudler has substantial constitutional claims upon which he has a high likelihood of success. Hudler's petition for writ of habeas corpus is factually sparse—the supporting facts from the petition itself, in their entirety, are as follows:

> Judgment of conviction was rendered in the absence of jurisdiction as the defendant resided in Oregon and no attempt was made to extradite him to Pennsylvania. Trial was held *in absentia*.
> . . .
> Following the conviction, defendant requested that counsel file a notice of appeal. Counsel either refused or failed to do so. He was

---

[1] The respondents submit that Hudler's attorney was indeed arrested and imprisoned from May 3 through May 10, 2018, but he was released after his bail was altered. *Doc. 22* at 11-12; *doc. 22-1* at 163.

[2] Hudler may not amend his petition through his brief. *See Bodle v. Smith*, No. 3:17-CV-2265, 2021 WL 322171, at *13 (M.D. Pa. Feb. 1, 2021) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)); *see also* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("The petition must: (1) specify *all grounds for relief* available to the petitioner; (2) state the facts supporting each ground.") (emphasis in original).

arrested by the Attorney General and incarcerated before the time to file a notice of appeal expired.

*Doc. 1* at 5, 7. Hudler recites the following statement of facts in his emergency application and memoranda:

> Applicant was charged with indirect criminal contempt for violation of a protection of abuse order. He lives in Oregon, from where the call was made to a third-party. On March 6, 2018, he was served by mail with notice of a hearing set for April 10, 2018, at 8 AM.
>
> Unable to attend in person, Applicant hired counsel. The court tried Appellant in absentia, convicted him of indirect criminal contempt, and sentenced him to pay a $1,000.00 fine and serve a term of three to six months' imprisonment. No attempt was made to extradite him or otherwise secure his appearance in court.
>
> Following the conviction, Applicant requested that counsel file a notice of appeal. Counsel either refused or was unable to do so. At that time, the attorney was under investigation by the State Attorney General and was arrested for pornography and committed to the County Jail on May 3, 2018—prior to the deadline for filing the notice of appeal—which may have rendered him unable to do so.
>
> He subsequently sought to file a late notice of appeal. The Court of Common Pleas denied the application, but granted him a stay pending appeal. He filed an appeal to the Superior Court together with a petition for a writ of habeas corpus. The Superior Court affirmed and denied the writ of habeas corpus. Its unreported opinion stated that he could not file a late notice of appeal under the Pennsylvania Post Judgment Review Act and disposed of the petition for a writ of habeas corpus in a footnote, explicitly noting that the conviction was for a "crime." The Pennsylvania Supreme Court denied review.
>
> The stay issued by the Pennsylvania courts and the Oregon courts has expired and, as a result, the Oregon courts have ordered the extradition warrant to be executed on January 7, 2021.

*Doc. 4* at 2-3 (citations omitted); *see also doc. 17* at 2-3; *doc. 7* (collecting exhibits). Hudler's briefing additionally purports to raise a Sixth Amendment issue (*doc. 4* at 4-5) and actual innocence (*doc. 17* at 10-11). For their part, the respondents have raised significant arguments regarding procedural default and the Anti-Terrorism and Effective Death Penalty Act's statute of limitations, as well as a factual background which differs significantly from Hudler's recitation. *See doc. 22*. Hudler argues that no procedural bar exists because "in dismissing the petition for a writ of habeas corpus, the Superior Court did not invoke any procedural bar and denied the petition on the merits."³ *Doc. 24* at 3.

Given the muddled state of Hudler's briefing, the high hurdle Hudler must clear, the differing factual backgrounds propounded by the parties, and the arguments of the respondents, Hudler has failed to establish substantial constitutional claims upon which he has a high likelihood of success. Accordingly, **IT IS ORDERED** that Hudler's emergency application for bail (*doc. 4*) is **DENIED**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

³ Hudler cites to Appendix 38, fn. 7, which we assume points us to the respondents' exhibits. *Doc. 22-1* at 210 n.7. There, we find a footnote having nothing to do with Hudler's assertion of a decision on the merits. Instead, the preceding sentence reads: "Therefore, [Hudler's] petition remains time-barred." *Id.* at 210.